THOMAS J. CLARK & another *vs.* WABAN ROSE CONSERVATORIES & others.

Suffolk. October 24, 1919.— October 28, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice,* Decree, Appeal.

In a suit in equity, wherein the plaintiff by a statement in writing challenged the authority of an attorney at law to appear for one of the defendants, a final decree was entered, reciting that when the case came on to be heard on its merits the plaintiff failed to offer any evidence in support of the allegations of the bill and failed to appear to prosecute the suit, and ordering that the bill be dismissed with costs to the defendants severally. *Held,* that the decree must be taken as a disposition adversely to the plaintiff of the question as to the authority of counsel for one of the defendants.

A paper, entitled "Exception," filed in a suit in equity in the Superior Court after the entry of a final decree and never presented to a judge of that court, raises no question of law in this court upon an appeal from the final decree.

Upon the appeal above described, no evidence was reported, and it was *held* that there was not apparent upon the record any abuse of discretion in calling the case for trial, and no error of law.

BILL IN EQUITY, filed in the Superior Court on August 21, 1918, and afterwards amended, seeking to enjoin the defendants from ejecting the plaintiffs from certain real estate.

The officer's return upon the subpoena to the defendant, Lyda B. Miller, referred to in the opinion, was of diligent search but no service. An attorney thereafter entered an appearance in her behalf.

Other proceedings in the Superior Court are described in the opinion. The plaintiffs appealed from a final decree dismissing the bill, their appeal stating the following grounds:

"1. That the pleadings were not completed and the cause was not ready for a trial upon the merits.

"2. That the respondent, Lyda B. Miller, had not been properly joined as a party respondent to the bill.

"3. That the said Lyda B. Miller was and is a necessary party to the proceedings.

"4. That the presiding justice, in disregard of the rights of the complainants and the law, exceeded his discretion and committed abuse thereof in dismissing the bill without cause."

*J. A. Vitelli,* for the plaintiffs.

*W. E. Ulmer,* for the defendants.

BY THE COURT. This is a suit in equity whereby the plaintiffs seek to enjoin one of the defendants from ejecting the plaintiffs from certain real estate. A final decree was entered, reciting that, when the case came on to be heard on its merits, the plaintiffs failed both to offer any evidence in support of the allegations of the bill and to appear to prosecute the suit, and ordering the bill dismissed with costs taxed in favor of the several defendants. The case comes before us on the plaintiffs' appeal from this decree. The plaintiffs, by written statement, challenged the authority of counsel to appear for Lyda B. Miller, one of the defendants. The final decree must be taken as a disposition of the question thereby raised adversely to the plaintiffs' contention. The plaintiffs' paper entitled "Exception" respecting this matter, not filed until after the entry of the final decree, has not been allowed, and does not appear even to have been presented to the trial judge. Under such circumstances, it raises no question of law. There is not apparent any abuse of discretion in calling the case for trial. No evidence is reported. No error of law is disclosed upon the record.

*Decree affirmed with costs.*